**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41097
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIS BENAVIDEZ-DIAZ, also known as Manuel Ramirez-Martinez,

Defendant-Appellant.

---

Consolidated with
No. 02-41099

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIS BENAVIDEZ-DIAZ, also known as Braulio Benavidez-Diaz,
also known as Manuel Ramirez-Martinez,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. M:00-CR-606-1 & B:01-CR-625-1
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Isais Benavidez-Diaz challenges the sentence imposed following his conviction for illegal presence in the United States. For the first time on appeal, Benavidez contends that the district court improperly departed in imposing his sentence.

Because neither the plain text of the guidelines nor Fifth Circuit law clearly indicates that the district court cannot base departures under U.S.S.G. §§ 4A1.3 and 5K2.0 on the same prior misconduct, Benavidez cannot show plain error. United States v. Olano, 507 U.S. 725, 734 (1993). Further, Benavidez's reliance on United States v. Lara, 975 F.2d 1120, 1126 n.7 (5th Cir. 1992) is without merit as the court departed upward on the basis of § 5K2.0 regarding the offense of conviction, not merely in order to adjust Benavidez's criminal history score upward to account for behavior not resulting in a conviction.

Benavidez also contends that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Benavidez concedes, his argument is foreclosed by Fifth Circuit precedent. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue only to preserve it for Supreme Court review.

Accordingly, the district court's rulings in both 02-41097 and 02-41099 are AFFIRMED.